MARTHA GREEN *et al. vs.* AUGUSTA JOHNSON.

JUNE 30, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This is an appeal from a decree of the Superior Court ordering that a certain mortgage given by

complainants to one Leach, and bequeathed by him to respondent, be discharged. Charles H. Page, an attorney at law, since deceased, with the mortgage note, which was for $500, in his possession, demanded payment of the same as the attorney for respondent. The complainants were unable to pay the note and Page undertook to negotiate a new mortgage from the proceeds of which the complainants' mortgage was to be paid. A new mortgage for $500 was taken by one Brayton, who gave his check to Page, and the latter thereupon delivered to the complainants the note to secure which their original mortgage was given.

Page agreed to see that the original mortgage was discharged on the record but failed to do so, cashed the Brayton check and never paid the whole or any part thereof to the respondent.

The respondent denies that Page had any authority to act for her. After respondent received the note from the executor of Leach, she left it with the chief of police of Warwick, who collected the interest for her. For some unexplained reason she took the note into her own possession and had it in the room of a Mrs. Lindsay for whom she was acting as nurse.

Respondent testified that Mrs. Lindsay, who died before the hearing, told her that she gave the note to Page. From the respondent's testimony, which is somewhat incoherent, we are of the opinion that, even though she did not know that Mrs. Lindsay had given her note to Page for collection, she did not repudiate Page's employment in her behalf and that there is sufficient ground for finding that she ratified the same.

The difficult question in the case arises out of a communication which Mrs. Lindsay's son left at the home of the complainants, which is as follows: "Mrs. Green: I called for Gussie Johnson. She does not want you to do anything with her lawyer until you see her. R. G. Lindsay, Warwick Nec. 22 Wk. Please call up after 6 o'clock any evening."

George L. Green, one of the complainants, testified that he called Lindsay on the telephone and was told in effect that it was all right to deal with Page. Lindsay denies that such a conversation took place.

The trial justice having found in favor of the plaintiffs on the issues of fact his finding will not be disturbed unless clearly erroneous.

On the facts as determined, we are of the opinion that the complainants were justified in dealing with Page as respondent's attorney. He was, so far as complainants knew, an attorney in good standing. He had possession of the mortgage note and was pressing for payment of the same. "Payment may be made to a duly authorized agent and his agency may be inferred from possession of the securities." 2 Jones on Mortgages, 7th ed. § 964.

Any inference of agency that may properly be drawn from the possession of a note has not been overcome by testimony in behalf of the respondent. In *Ward* v. *Trustees*, 27 R. I. 262, the facts were materially different. In that case the person to whom the money was paid did not represent himself as agent of the respondent. He did not have the mortgage and note in his possession and his agency was assumed by the complainant. The court said, at page 265: "The complainant's mistake was in assuming, without seeing the mortgage note in his possession, that Goff was acting as agent for any one but himself."

The appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Littlefield, Otis & Knowles*, for complainants.

*Quinn, Kernan & Quinn, Michael De Ciantis*, for respondent.